**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DUSTY LEITZKE,** | ) | |
| On Behalf of Herself and All Others | ) | JURY TRIAL DEMANDED |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case no.: |
| | ) | |
| **JPMORGAN CHASE BANK, N.A.** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**Collective Action under FLSA § 216(b)**

Plaintiff Dusty Leitzke, on behalf of herself and all others similarly situated, by and through counsel, for her Complaint against Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff Dusty Leitzke is a current FCOI Investigator for Chase. She performs computer data entry work while applying mandatory Chase policies, procedures, and guidelines to determine cases Chase assigns her. Chase treats her and other Investigators as exempt, salaried employees who are not eligible for overtime compensation for any hours worked over 40 per week. Plaintiff and the other Investigators routinely work(ed) hours over 40 per week without overtime compensation. Chase misclassifies Plaintiff and Investigators nationwide as exempt employees.

2.  Chase treats Plaintiff and other Investigators nationwide as non-exempt, hourly production employees, but misclassifies them as exempt employees not entitled to

overtime. Chase routinely pushes Investigators to "produce" and "close" cases by working long hours during weekdays and the weekends. Chase tracks Investigator production on a scorecard and mandates Investigators hit a minimum daily production quota. On information and belief, Investigators have complained to Chase about their workload, production quotas, and/or exempt status, but Chase has ignored these complaints.

3. This is a collective action brought by Individual and Representative Plaintiff Dusty Leitzke on her own behalf and on behalf of the proposed collective and any subcollective(s). Plaintiff and the putative collective members are or were employed nationwide by Chase as exempt-designated "Investigators" "Investigations Specialists," and other similar investigation employees in similar job titles in Chase's Fraud Compliance Operations and Investigations ("FCOI") Division, and are or were denied overtime compensation as required by federal wage and hour laws (the "FLSA Collective"). These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant in FCOI as "Investigators" "Investigations Specialists," and other similar investigation employees in similar job titles in Chase's FCOI Division (collectively as "Investigators"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

5. During the Collective Period, Defendant failed to pay overtime compensation to each member of the FLSA Collective as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay all wages

2

due, pay appropriate overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

6.  Chase's uniform, nationwide policy and practice is to deny earned wages including overtime pay to its Investigators. In particular, Chase requires these employees to perform work in excess of forty (40) hours per week, but misclassifies them as exempt and thus fails to pay them the legally mandated overtime premiums.

7.  Chase's deliberate illegal misclassification treatment of its Investigators which denies them overtime compensation results in Chase willfully violating the FLSA.

8.  Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

## PARTIES

9.  Plaintiff Dusty Leitzke currently resides in Florida. Chase currently employs Plaintiff as a FCOI Investigator. She has held this position from approximately May 2015 through today in Chase's offices located in Tampa, Florida, and Tempe, Arizona. Chase previously employed her in MB Escalation Research from approximately May 2014 through June 2015 in Tempe, Arizona. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as an exhibit.

10. Defendant JPMorgan Chase Bank, N.A. is nationwide banking association with a principal office located at 1111 Polaris Parkway, Columbus, Ohio 43240. Chase does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12. The United States District Court for the Southern District of Ohio has personal jurisdiction because Chase conducts business within this District.

3

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and can be found in the Southern District of Ohio, and the causes of action set forth herein have arisen and occurred in part in the Southern District of Ohio. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Ohio.

## FACTUAL ALLEGATIONS

14.    Defendant JPMorgan Chase Bank, N.A. is a national banking association that "is one of the oldest financial institutions in the United States." Defendant is a "leader in investment banking, financial services for consumers and small businesses, commercial banking, financial transaction processing and asset management" whose stock is traded on the New York Stock Exchange. https://www.jpmorganchase.com/corporate/About-JPMC/about-us.htm.

15.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

16.    Defendant classifies Plaintiff and other Investigators as exempt employees not entitled to overtime and paid them a "salary."

17.    Defendant did not pay Plaintiff and other Investigators overtime compensation for all hours worked over 40 hours per week during the applicable FLSA statute of limitations.

4

18.   Plaintiff originally worked as an Investigator in Defendant's Tempe, Arizona office. Chase classified Plaintiff as a non-exempt, hourly employee entitled to overtime during the time she performed the Investigator job there.

19.   Subsequently, Plaintiff moved to Defendant's Tampa, Florida office and resumed her Investigator job. Defendant, however, classified Plaintiff as an exempt employee not entitled to overtime when she performed the Investigator job in Tampa, Florida. She performed the same or similar Investigator job when she worked Tempe, Arizona and Tampa, Florida.

20.   Defendant uniformly applied its exempt-designated, payment structure to all Investigators.

21.   Defendant suffered and permitted Plaintiff and other Investigators to work more than forty hours per week without overtime compensation for all hours worked. For example, Plaintiff and other Investigators regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Investigators regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

22.   For example, while an Investigator, Plaintiff's schedule has fluctuated from day-to-day and during the time she has worked for Defendant. Her current regular work schedule has her working Mondays through Fridays, generally from 6:00 am until 3:00 pm without any breaks or meal periods. As such, during this time period, Plaintiff's regular schedule had her working an average of 45 hours per week. This has been Plaintiff's approximate work schedule for about the last six (6) months.

23.   Prior to this time period, Plaintiff worked longer hours as an Investigator, approximately

55-60 hours per week. Defendant, however, failed to pay her overtime compensation for the approximately 15-20 hours of overtime work she routinely worked at the appropriate regular rate of pay.

24.   On information and belief, Chase is working other Investigators long hours to meet mandatory production quotas which includes long work hours during early morning and later evening work, and weekend work.

25.   Defendant knows Plaintiff and other Investigators worked more than forty hours in a week because Defendant expects Plaintiff and Investigators to be available meet production quotas which required working in the evenings and on weekends. Defendant's management employees constantly communicate with Plaintiff and other Investigators to direct them to meet production quotas and work long hours to meet these quotas.

26.   In addition, for example, Chase knows Plaintiff and other Investigators work long hours including overtime because Chase expects Plaintiff and the other Investigators to timely work cases in the que to complete their quotas including working in the evenings and on the weekends.

27.   Defendant uniformly deny Plaintiff and other Investigators overtime pay.

28.   Defendant classifies Plaintiff and other Investigators as exempt employees who are not entitled to overtime compensation.

29.   Defendant uniformly applies this policy and practice to all Investigators nationwide.

30.   In reality, Plaintiff and other Investigators are and were non-exempt employees who are and were entitled to hourly and overtime pay for all hours worked per week, and their overtime rates should include all compensation paid including bonus incentive

6

compensation.

31.   Plaintiff and the other Investigators have/had the same primary duty of applying Defendant's mandatory guidelines, policies, and procedures via computer data entry to verify the accuracy of customer and/or prospective customer submissions.

32.   Plaintiff and other Investigators are and were non-exempt computer, data-entry employees who are and were entitled to overtime pay.

33.   Plaintiff and other Investigators do not customarily and regularly make sales at their customers' home or place of business.

34.   Plaintiff and other Investigators do not regularly supervise the work of two or more employees.

35.   Plaintiff and other Investigators do not exercise discretion and independent judgment as to matters of significance.

36.   Plaintiff and other Investigators do not perform office work related to Chase's general business operations or its customers.

37.   Plaintiff and other Investigators had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

38.   Chase does not require Plaintiff and other Investigators to have a college degree to obtain an Investigator job.

39.   All Investigators are similarly situated in that they share common job duties and descriptions, Chase treated them as exempt employees, and were all subject to Chase's misclassification policy and practice that failed to pay them overtime compensation.

40.   Defendant did not keep accurate records of the hours Plaintiff and other Investigators worked. Because Defendant did not pay Plaintiff and other Investigators for all the hours

they worked, including overtime hours, Defendant's wage statements did not accurately reflect all hours Plaintiff and other Investigators worked.

41.     Defendant did not provide Plaintiff and the other Investigators with accurate paychecks.

42.     Defendant did not pay Plaintiff and other Investigators for all their overtime hours. Accordingly, Defendant did not provide Plaintiff and other Investigators with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

43.     Defendant is aware of wage and hour laws, as evidenced by the fact that Defendant is a large, sophisticated employer who employees have previously sued multiple times for wage and hour violations, and Defendant provides minimum wage and overtime compensation to other employees who are not Investigators.

44.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Investigators.

## FLSA Collective

45.     Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

All persons who are, have been, or will be employed by Defendant as "Investigators" "Investigations Specialists," and other similar investigation employees in similar job titles in Chase's Fraud Compliance Operations and Investigations ("FCOI") Division within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

Plaintiff will subclass the FLSA Collective as necessary for certification and/or litigation purposes.

46.     Upon information and belief, Defendant paid Plaintiff and the FLSA Collective a "salary" plus bonus, and suffered and permitted them to work more than forty hours per

week without overtime compensation.

47.   Defendant's exempt classification of Plaintiff and other Investigators is a uniform policy, decision, and/or plan that applies to all Investigators.

48.   Defendant's failure to pay for work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Investigators.

49.   Accordingly, Plaintiff and the FLSA Collective are subject to Defendant's policy, decision, and/or plan of failing to pay appropriate overtime compensation at the appropriate rates.

50.   Defendant's unlawful FLSA conduct has been widespread, repeated, and consistent.

51.   Upon information and belief, Defendant knows that Plaintiff and the FLSA Collective performed work that required overtime pay. Defendant requires them to work long hours and weekends to hit production quotas without the proper pay, and Plaintiff and/or those similarly situated complained to Defendant about these practices.  Defendant operates under a scheme to deprive these employees of overtime compensation by misclassifying them as exempt and failing to properly compensate them for all overtime hours worked.

52.   Defendant's conduct, as set forth in this Complaint, is and was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

53.   Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through

Defendant's records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT Overtime Claims

54.   Plaintiff hereby incorporate by reference the foregoing paragraphs of this Complaint into this count.

55.   The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

56.   The FLSA requires each covered employer such as Defendant to include all compensation paid to employees such as incentive compensation and/or bonuses into the employees' regular rate of pay unless that compensation is specifically excluded. The FLSA does not exclude Defendant's incentive compensation and/or bonus payments.

57.   Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked at the appropriate rates of pay.

58.   Defendant, pursuant to its policies and practices, fails and refuses to pay overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

59.   Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all overtime compensation at the legally required rates.

60.   By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

61.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

62.    Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

63.    Plaintiff, on behalf of herself and the FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.  A declaration that Defendant is financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

C.  Judgment against Defendant for an amount equal to Plaintiff' and the FLSA Collective's unpaid overtime wages at the applicable rates;

D. A finding that Defendant's conduct was willful;

E. An equal amount to the overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H.  Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated June 25, 2019

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
NILGES DRAHER LLC
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:    (614) 824-5770
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:    (330) 470-4428
Facsimile:     (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

/s/ Rowdy B. Meeks
Rowdy B. Meeks*, Kansas Bar No.16068
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

 *pro hac vice motion forthcoming*

 Attorneys for Plaintiff